IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEXANDRIA FULLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1194-K-BN |
| | § | |
| THE CITY OF DALLAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Alexandria Fuller filed this lawsuit *pro se* against the City of Dallas and two Texas judges. *See* Dkt. Nos. 3 & 4. Fuller also moves for a temporary restraining order ("TRO"). *See* Dkt. No. 5. And United States District Judge Ed Kinkeade referred Fuller's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b).

Although Fuller has sued the City and the judges for alleged violations of "civil rights and due process," Dkt. No. 1 at 1, the attachments to Fuller's complaint reveal a dispute between Fuller and her apartment management that led to litigation in state court in Dallas County, *see id.* at 1-104, and the entry of a final judgment on April 29, 2024, *see id.* at 105-06. Additional attachments to the complaint set out Fuller's dissatisfaction with how the state court litigation proceeded, and she alleges that Judge Andy Chatham denied her request for a TRO. *See* Dkt. No. 4 (further asserting claims against Judge Chatham).

To the extent that the Court has subject matter jurisdiction, because Fuller

fails to allege plausible claims against any of the defendants, the Court should deny the TRO motion and dismiss this lawsuit.

## Discussion

Initially, to the extent that Fuller filed a complaint in federal court to challenge the rulings of a state court, and the state court litigation has concluded, such that no appeal was pending when Fuller filed this case in federal court, the *Rooker-Feldman* doctrine prevents the Court's jurisdiction "to modify or reverse" a state court proceeding. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))); *see also Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *Jordaan v. Hall*, 275 F. Supp. 2d 778, 789 (N.D. Tex. 2003) (noting that the doctrine prevents "thinly veiled attempt[s] to circumvent the state appellate process and to collaterally attack – in the guise of a federal civil rights action – the validity of a state court [judgment] and other related orders"); *but see Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022) ("*Rooker-Feldman* is inapplicable where a state appeal is pending when the federal suit is filed.").

But, even if the *Rooker-Feldman* doctrine does not preclude jurisdiction over this lawsuit, Fuller's claims still should be dismissed.

First, Fuller appears to sue the City based on alleged actions by state judges without plausibly alleging a connection between the City and the judges. For

example, where plaintiffs have attempted to sue other municipalities, such as a Texas county, for alleged actions by Texas judges, the United States Court of Appeals for the Fifth Circuit has held that a county cannot be liable for the conduct of a state judge or an employee of a state court because "state judges are elected officials of the State of Texas and are not agents, officials, or employees of the county." *Bloom v. Bexar Cnty., Tex.*, 130 F.3d 722, 725 (5th Cir. 1997) (citing TEX. CONST. art. V, § 7).

And Fuller otherwise fails to allege a basis for municipal liability for the alleged violations of the Constitution. *See, e.g.*, *Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) ("A person may sue a municipality that violates his or her constitutional rights 'under color of any statute, ordinance, regulation, custom, or usage.' [42 U.S.C.] § 1983; *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). To establish municipal liability (a '*Monell* claim') under § 1983, 'a plaintiff must show the deprivation of a federally protected right caused by action taken pursuant to an official municipal policy.' *Valle v. City of Hous.*, 613 F.3d 536, 541 (5th Cir. 2010).").

Turning to the judges, if Fuller sues each in an individual capacity, "[a] judge generally has absolute immunity from suits for damages." *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)).

"Judicial immunity is an immunity from suit, not just the ultimate assessment of damages." *Id.* (citing *Mireles*, 502 U.S. at 11 (citing, in turn, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985))).

> There are only two circumstances under which judicial immunity may be overcome. "First, a judge is not immune from liability for

>> nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11 (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citations omitted). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id.*

*Id.*; *see also Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) ("Court [employees] 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. Unit A June 1981))); *Mitchell v. McBryde*, 944 F.2d 229, 230-31 (5th Cir. 1991) ("[T]he judge's law clerk, when assisting the judge in carrying out the former's judicial functions, is likewise entitled to absolute immunity." (citations omitted)).

And, to the extent that the judges have been sued in an official capacity, "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors." *Davis*, 565 F.3d at 228 (citing *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996); *Holloway v. Walker*, 765 F.2d 517, 519 (5th Cir. 1985)).

The above reasons for why the lawsuit should be dismissed necessarily also explain why Fuller has not shown a substantial likelihood of success on the claims in the complaint, so the Court should deny the TRO motion. *See Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009).

In sum, the Court should deny the TRO motion and dismiss this lawsuit.

### Recommendation

The Court should deny Plaintiff Alexandria Fuller's motion for a temporary restraining order [Dkt. No. 5] and dismiss this lawsuit.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 20, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE