IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEXANDRIA FULLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1194-K-BN |
| | § | |
| THE CITY OF DALLAS, ET AL., | § | **Entered Conditionally** |
| | § | **Under Seal, *Ex Parte*** |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On May 17, 2024, Plaintiff Alexandria Fuller filed this lawsuit *pro se* against the City of Dallas and two Texas judges. *See* Dkt. Nos. 3 & 4. Fuller also moved for a temporary restraining order ("TRO"). *See* Dkt. No. 5. And United States District Judge Ed Kinkeade referred Fuller's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b).

On May 20, 2024, the undersigned entered findings of fact and conclusions of law recommending that the Court deny Fuller's motion for a TRO and dismiss this lawsuit [Dkt. No. 6] (the "Initial FCR").

As set out in detail in the Initial FCR, to the extent that the *Rooker Feldman* doctrine does not prevent the Court's subject matter jurisdiction, to the extent that Fuller seeks "to modify or reverse" a state court proceeding, Fuller still (1) fails to show that the claims against the judges named as defendants are not barred by immunity and (2) fails to allege a plausible claim against the City. *See generally id.*

The day after entry of the Initial FCR, Fuller filed a sealed Request for Ex

Parte Temporary Restraining Order [Dkt. No. 7], seeking "an ex parte and immediate" TRO, to prevent her eviction and to reverse a state-court-issued writ "until an actual trial is held regarding the eviction," again arguing that "her civil rights were violated because she was not given a trial but forced into an agreement." *Id.*

The Court should deny the May 21 TRO motion.

First, Fuller may not obtain an *ex parte* TRO where her application does not meet Federal Rule of Civil Procedure 65(b)(1)'s *ex parte* standards. *See Breitling v. LNV Corp.*, No. 3:14-cv-3322-M, 2014 WL 5510857, at *1 (N.D. Tex. Oct. 28, 2014) (Rule 65(b)(1) "permits this Court to issue a temporary restraining order only if 'specific facts *in an affidavit or a verified complaint* clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the [*pro se* movant or] movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required'" (quoting FED. R. CIV. P. 65(b)(1); further observing that, "[p]ursuant to Local Rule 83.14, '[p]ro se parties must read and follow the local civil rules of this court and the Federal Rules of Civil Procedure'")).

And, while the undersigned finds that Fuller has not met the *ex parte* standards, these findings, conditions, and recommendation are conditionally entered under seal, *ex parte* to allow Fuller to object to this finding. But, if the Court accepts or adopts this finding, it should unseal both the May 21 TRO motion and these findings, conclusions, and recommendation.

More fundamentally, for the reasons set out in the Initial FCR, Fuller has not shown that there is a substantial likelihood that she will prevail on the merits of her claims.

So the Court should deny this second request for a TRO and dismiss this lawsuit.

### Recommendation

The Court should deny Plaintiff Alexandria Fuller's Request for Ex Parte Temporary Restraining Order [Dkt. No. 7], unseal this motion and these findings, conclusions, and recommendation, and dismiss this action for the reasons set out in the May 20, 2024 findings of fact, conclusions of law, and recommendation [Dkt. No. 6].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: May 22, 2024

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE